UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JOAO CONTROL & MONITORING SYSTEMS, LLC, *Plaintiff,* v. FORD MOTOR COMPANY, *Defendant.* | HONORABLE Mark A. Goldsmith  MAG. JUDGE Mark A. Randon  Case No. 4:13-cv-13615-MAG-MAR; |
| JOAO CONTROL & MONITORING SYSTEMS, LLC, *Plaintiff,* v. CHRYSLER GROUP LLC, *Defendant.* | HONORABLE Mark A. Goldsmith  MAG. JUDGE Mark A. Randon  Case No. 4:13-cv-13957-MAG-MAR |

**STIPULATED SCHEDULING ORDER**

Plaintiff Joao Control & Monitoring Systems, LLC ("Plaintiff" or "JCMS") and Defendants Ford Motor Company ("Ford") and Chrysler Group LLC ("Chrysler"), (collectively, "Defendants"), by and through their attorneys, hereby submit the following proposed schedule for the above-captioned cases:

1. **Patent-Related Disclosures**. The parties shall adhere to the following schedule for patent-related disclosures:

1

A. <u>Infringement Contentions.</u>  Plaintiff will serve infringement contentions to Ford on **January 31, 2014**.  Plaintiff's infringement contentions shall include:

1. Each claim of each patent in suit that is allegedly infringed by Ford.

2. Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of Ford which Plaintiff is aware.

3. A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that Plaintiff contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

4. For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement.  Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.

5. Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality.

B. <u>Priority.</u>  Plaintiff will identify the priority dates it intends to rely on for each asserted claim of the patents-in-suit on **January 31, 2014**.

2

C. <u>Invalidity Contentions.</u>  Defendants shall serve their invalidity contentions on **March 19, 2014**.  Defendants' invalidity contentions shall include:

1. The identity of each item of prior art the allegedly anticipates each asserted claim or renders it obvious.

2. Whether each item of prior art anticipates each asserted claim or renders it obvious.  If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness.

3. A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that Defendants contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function;

4. Any ground of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(b) or enablement or written description under 35 U.S.C. § 112(a) of any of the asserted claims; and

5. An identification of the ten prior art references for which Plaintiff will be required to provide validity contentions pursuant to Paragraph 1.E.[1]

D. <u>Non-infringement Contentions</u>.  Defendants shall serve their non-infringement contentions on **March 19, 2014.**  Defendants' non-infringement contentions shall explain the factual basis for any

---

[1] In the event that Defendants believe it is necessary to have validity contentions for more than ten references, Defendants can discuss adding prior art references with the Special Master assigned to this case.

allegation that the Accused Instrumentality does not infringe the asserted claims.

    E.    <u>Validity Contentions.</u>  Plaintiff shall serve its validity contentions on **May 21 , 2014**.  Plaintiff's validity contentions shall contain:

1. For each of the 10 pieces of prior art identified by Defendants pursuant to Paragraph 1.C.5, the identification of each limitation of each asserted claim that Plaintiff believes is absent from the prior art and an explanation for why Plaintiff believes it is absent.

2. If obviousness is alleged, an explanation of why the prior art does not render the asserted claim obvious, including and an explanation of any secondary considerations the Plaintiff contends support non-obviousness.

3. If indefiniteness is alleged, an identification of why the claim term is not insolubly ambiguous.

3. <u>Markman Claim Construction Hearing</u>.  A Markman claim construction hearing shall be held on **January 14, 2015 at 9:30 a.m**.  The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues, including exchanging proposed terms for construction on **April 29, 2014**, and proposed constructions on **May 28, 2014**.  On or before **July 9, 2014**, the parties shall submit a Final Joint Claim Construction Chart which shall include citations to all intrinsic and extrinsic evidence to be relied on.  If the parties choose to use experts for claim construction issues, affirmative reports related to claim construction will be

due on **July 23, 2014**.  Any rebuttal expert reports will be due on **August 20, 2014**.  Discovery related to claim construction shall close on **September 11, 2014**.  Plaintiff shall file its opening claim construction brief on **September 24, 2014**.  Defendant shall file its answering claim construction brief on **October 22, 2014**.  Plaintiff shall file its reply claim construction brief on **October 30, 2014**.

4. **Technology Tutorial** – The Court will hold an informal conference with the attorneys on **July 23, 2014 at 9:30 a.m**.  At the conference, the attorneys for each side will explain the technology at issue in the litigation.  The conference will not be recorded.

5. **E-Discovery.**

   A. The Parties will confer regarding the procedures and limitations of e-discovery.

6. **Witness Lists**.  The Parties will exchange preliminary lay witness lists within **30 days** after the Court's claim construction ruling.

7. **Fact discovery**. Fact discovery shall be completed within **60 days** after the Court's ruling on claim construction.

8. **Expert Discovery**.

    A.    The Parties shall exchange expert witness lists within **45 days** after the Court's ruling on claim construction.

    B.    Expert reports on issues which the Parties bear the burden of proof shall be due within **90 days** after the Court's ruling on claim construction.

    C.    Responsive expert reports shall be due within **120 days** after the Court's ruling on claim construction.

    D.    Expert discovery shall be completed within **150 days** after the Court's ruling on claim construction.

9.    **Dispositive Motions**.  Any dispositive motions and/or motions to exclude expert testimony shall be filed within **180 days** after the Court's ruling on claim construction.

10.    **Motions in *Limine***.  All motions in *limine*, other than motions to exclude expert testimony, shall be filed within **210 days** after the Court's ruling on claim construction.

11.    **Exhibit Lists**.  The Parties will exchange Exhibit lists within **15 days** after the Court's ruling on dispositive motions.

12.    **Joint Final Pretrial Order**.  The Joint Final Pretrial Order will be filed within **30 days** after the Court's ruling on dispositive motions.

13. **Final Pretrial Conference**.  The final pretrial conference will take place at the Court's convenience after the parties submit to the Joint Final Pretrial Order.

14. **Trial**.  The trial will take place at the Court's convenience after the Final Pretrial Conference.  The parties currently estimate a trial length of 9 court days.  The parties will attempt to reduce the length of the trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence.  But the parties jointly believe that it is too early in the case for the parties to be able to foresee to what methods may be useful and agreed upon.

**SO ORDERED.**

Dated:  January 29, 2014          s/Mark A. Goldsmith
       Flint, Michigan                  MARK A. GOLDSMITH
                                     United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 29, 2014.

                                       s/Deborah J. Goltz
                                       DEBORAH J. GOLTZ
                                       Case Manager

**Approved as to form and substance:**

By: /s/ Steven W. Ritcheson
Steven W. Ritcheson (SBN 174062)
switcheson@hgdlawfirm.com
**HENINGER GARRISON DAVIS, LLC**
9800 9800 D Topanga Canyon Blvd. #347
Chatsworth, CA 91311
Tel: (818) 882-1030
Fax: (818) 337-0383

Maureen V. Abbey
Maureen@hgdlawfirm.com
**HENINGER GARRISON DAVIS, LLC**
220 Saint Paul Street
Westfield, New Jersey 07090
Tel: (908) 379-8476
Fax: (908) 301-9008

Allen M. Krass (P16218)
Email: akrass@patlaw.com
**GIFFORD, KRASS, SPRINKLE, ANDERSON & CITKOWSKI, P.C.**
2701 Troy Center Dr., Suite 330
PO Box 7021
Troy, Michigan 48007
Tel: (248) 647-6000
Fax: (248) 647-5210

*Attorneys for Plaintiff Joao Control & Monitoring Systems, LLC*

Dated: January 17, 2014

By: /s/ Marc Lorelli
Marc Lorelli
Rebecca Cantor
Thomas Lewry
**BROOKS KUSHMAN P.C.**
1000 Town Center, 22nd Floor
Southfield, MI 48075
Tel: (248) 358-4400
Fax: (248) 358-3351

*Attorneys for Defendant Ford Motor Co.*

By: Frank C. Cimino, Jr.
Patrick G. Seyferth
**BUSH, SEYFERTH & PAIGE**
3001 W. Big Beaver Road, Suite 600
Troy, MI 48084-3107
Tel: (248) 822-7800
Fax: (248) 822-7852
Email: seyferth@bsplaw.com

Frank C. Cimino, Jr.
Megan S. Woodworth
Kimberly R. Parke
**DICKSTEIN SHAPIRO LLP**
1825 Eye Street, NW
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201
CiminoF@dicksteinshapiro.com
WoodworthM@dicksteinshapiro.com
ParkeK@dicksteinshapiro.com

*Attorneys for Defendant Chrysler Group LLC*