UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOAO CONTROL AND MONITORING
SYSTEMS, LLC,

       Plaintiff,

vs.

FORD MOTOR COMPANY,

       Defendant,

and

JOAO CONTROL AND MONITORING
SYSTEMS, LLC,

       Plaintiff,

vs.

CHRYSLER GROUP, LLC,

       Defendant.
_____/

Case No. 13-CV-13615

HON. MARK A. GOLDSMITH

Case No. 13-CV-13957

HON. MARK. A. GOLDSMITH

## OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFF'S MOTION TO MODIFY ORDER LIMITING PLAINTIFF'S NUMBER OF ASSERTED CLAIMS (DKT. 22)

Before the Court is Plaintiff's Motion to Modify Order Limiting Plaintiff's Number of Asserted Claims (Dkt. 22). For the reasons set forth below, the Court will deny the motion in part and grant it in part.

**I.     BACKGROUND**

The full procedural background of this case can be found in the Court's Opinion and Order Regarding Limitation of Claims (Dkt. 20). The Court will repeat only the most relevant facts here.

In case no. 13-13615, Plaintiff Joao Control and Monitoring Systems, LLC alleges that Defendant Ford Motor Company ("Ford") has infringed five patents. Specifically, Plaintiff alleges that Ford's SYNC® system infringes the following five patents: (1) U.S. Patent No. 5,917,405; (2) U.S. Patent No. 6,549,130; (3) U.S. Patent No. 6,542,076; (4) U.S. Patent No. 6,542,077; and (5) U.S. Patent No. 7,397,363. In total, these patents contain over 500 claims.

On January 10, 2014, after considering arguments from the parties, this Court issued an order limiting the number of claims to be litigated in this case to fifteen representative claims. Opinion and Order Regarding Limitation of Claims (Dkt. 20). However, the Court gave Plaintiff the opportunity to file a motion to modify the limitation of fifteen representative claims for good cause. Id. On January 14, 2014, Plaintiff filed the instant motion to limit claims, to which Ford has filed a response brief.

On January 31, 2014, Plaintiff served infringement contentions for fifteen representative claims to Ford. Non-infringement and invalidity contentions are due from Ford on March 19, 2014. Scheduling Order (Dkt. 26).

**II.    ANALYSIS**

In its brief, Plaintiff makes two principal arguments.

First, Plaintiff argues that it should not be required to designate fifteen representative claims before discovery has taken place, particularly before Ford has submitted non-infringement and invalidity contentions. Pl. Br. at 9 (Dkt. 22). Plaintiff states that it has accused five features

or "instrumentalities" of the Ford SYNC® product as infringing the patents-in-suit and that the discovery period has just commenced. Id. at 9-10. Plaintiff argues that it wishes to learn more about the accused features of the Ford product and how the features operate. Id. at 10. Plaintiff argues that limiting the number of claims "at this time would require [Plaintiff] to choose representative claims without in-depth knowledge about the five Ford accused instrumentalities, making the imposition of the limit premature." Id. At a minimum, Plaintiff argues that it should be permitted to assert at least twenty-five claims against Ford initially. Id. at 13.

As to this first argument, Ford responds that Plaintiff only makes theoretical arguments why fifteen representative claims may be insufficient and that Plaintiff has failed to show that the claims in the patents-in-suit are substantively different from each other in a material way or what specific features of the Ford SYNC® product Plaintiff needs to learn more about in relation to specific claim limitations in the patents-in-suit. Ford Br. at 2 (Dkt. 25). Ford maintains that, given that Plaintiff's infringement contentions were due shortly after Plaintiff filed this motion, Plaintiff should have known whether it needs to assert more than fifteen claims against Ford to cover all the of the accused product features. Id. at 7. Unless and until Plaintiff can make a showing that the accused product features cannot be covered by fifteen claims, Ford argues that the Court should not allow Plaintiff to assert additional claims against Ford. Id. at 7-8. Ford notes that the patents-in-suit are part of the same patent family and contain many similar claims. Id. at 6.

Second, Plaintiff argues that to satisfy due process, it should be allowed to assert more claims at a later date if it can establish good cause, if and when such evidence supports such a motion. Pl. Br. at 10-12. On this second point, as Ford correctly notes, there is nothing in the

Court's previous order that would prevent Plaintiff from filing a motion for leave to assert more claims against Ford at a later date if good cause exists. Ford Br. at 8.

In its brief, Plaintiff also submitted an alternative three-phase proposal for reducing the asserted claims before submission to a jury. Pl. Br. at 15. Plaintiff argues that its proposal is fair and would avoid motion practice to add additional claims when the infringement and invalidity issues become better known. Id. at 15-16. Plaintiff's proposal is the following:

> Phase 1: Plaintiff will be limited to asserting 10 claims per patent in its infringement contentions. Defendant will be limited to asserted 10 prior art references per patent in its invalidity contentions.
>
> Phase 2: Within 30 days of entry of the Court's Claim Construction Order, Plaintiff will narrow the number of asserted claims to 5 claims per patent. Defendant will narrow the number of prior art references to 5 per patent.
>
> Phase 3: Prior to Trial and after the close of expert discovery, Plaintiff will narrow the number of asserted claims to 15 total. Defendant will narrow the number of prior art references to 15 total.
>
> Upon a showing of diligence, and with due consideration for prejudice, a party may seek to modify this order for good cause shown. Any request to increase the limits contained in this Order must specifically show why the inclusion of additional asserted claims or prior art references is warranted. See In re Katz Interactive Call Processing Patent Litig., 639 F.3d 1302, 1312-13 (Fed. Cir. 2011). A failure to seek such a modification will constitute acquiescence to the limits contained in this Order. [Pl. Br. at 16-17.]

Both parties agree that the most pertinent authority for this motion is In re Katz Interactive Call Process Patent Litigation, 639 F.3d 1303 (Fed. Cir. 2011). In In re Katz, the Federal Circuit generally approved of limiting the number of patent claims where the defendant makes an initial showing that the asserted patents appear to contain many duplicative claims and the plaintiff fails to show that the unselected claims raise unique issues as to liability or damages. Id. at 1312-13. In a footnote, the Federal Circuit stated that "[i]t is conceivable that a claim selection order could come too early in the discovery process, denying the plaintiff the

opportunity to determine whether particular claims might raise separate issues of infringement or invalidity in light of the defendants' accused products and proposed defenses." Id. at 1313 n. 9.

After considering the arguments of the parties, the Court concludes that Ford has made an initial showing that the patents-in-suit are generally related (i.e., part of the same patent family) and contain many similar claims.  The Court generally agrees with Ford that Plaintiff has not shown how the claims in this patents-in-suit differ in a material way such that fifteen claims are inadequate to represent the infringement, invalidity, and damages issues in this case.  However, the Court further determines that Plaintiff should be given some latitude to conduct discovery to learn Ford's non-infringement and invalidity contentions before it has to choose the fifteen representative claims that will be litigated through claim construction and dispositive motions.

In patent infringement cases, as noted by the Federal Circuit in footnote 9 of In re Katz, the parties may need to learn the particular infringement and invalidity issues in the case before they can determine which claims best represent the infringement, invalidity, and damages issues in the case. Contentions regarding infringement, non-infringement, invalidity, and validity are court-mandated discovery in lieu of contention interrogatories.  Such contentions help the parties identify the issues in the lawsuit that need to be litigated.

Plaintiff has requested that it be permitted to assert at least twenty-five claims against Ford initially.  Considering that the patents-in-suit contain over 500 claims and Plaintiff has alleged that different features of the accused SYNC® product infringe the patents-in-suit, the Court will allow Plaintiff to initially assert a total of twenty-five claims against Ford and allow the parties to obtain discovery as to those twenty-five asserted claims, including infringement, non-infringement, invalidity, and validity contentions and other fact discovery.  This will afford Plaintiff time to learn about the operation of the features of the accused Ford product and to

explore Ford's non-infringement and invalidity positions, but still save the parties and the Court time in the claim construction and summary judgment phases of this case. Further, Ford's preparation of non-infringement and invalidity contentions for ten additional claims will not be overly burdensome, especially since Ford has said in its response brief that many of the claims in the patents-in-suit are similar.

Accordingly, Plaintiff may submit infringement contentions for an additional ten representative claims on or before February 25, 2014. Before the claim construction phase of this case commences, specifically on or before April 17, 2014, Plaintiff shall reduce its representative claims to fifteen. The schedule for this case shall otherwise remain the same. The Court will permit Plaintiff to file a motion for leave to assert more or different claims at any later date if good cause exists.

The Court rejects Plaintiff's alternative three- phase proposal for reducing the number of asserted claims. Plaintiff's proposal provides for too many claims through the claim construction and summary judgment phases of the case without any showing that so many claims are needed to adequately represent the infringement, invalidity, and damages issues in this case.[1]

### III. CONCLUSION

Plaintiff may submit infringement contentions for an additional ten representative claims on or before February 25, 2014. On or before April 17, 2014, before the claim construction

---

[1] In its response, Ford also argues that because Plaintiff's motion does not point to a palpable defect in the Court's prior Opinion and Order, Plaintiff has not met the standard for a motion for reconsideration and Plaintiff's motion should therefore be denied. The Court disagrees. Although the Clerk's Office labeled Plaintiff's motion on the docket as a "Motion for Reconsideration," Plaintiff titled its motion "Plaintiff's Motion to Modify Order Limiting Plaintiff's Number of Asserted Claims and Brief in Support." The motion was submitted in compliance with the prior Opinion and Order, which provides that "Plaintiff may file a motion to modify this ruling on or before January 14, 2014." Opinion and Order at 9. The Court therefore construes the motion as a motion to modify and not as a motion for reconsideration under Eastern District of Michigan Local Rule 7.1(h)(3).

phase of this case commences, Plaintiff shall reduce its representative claims to fifteen by serving a notice upon the Ford. The schedule for this case shall otherwise remain the same.

SO ORDERED.

Dated: February 19, 2014  　　　　　　　s/Mark A. Goldsmith
　　　　Flint, Michigan  　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 19, 2014.

　　　　　　　　　　　　　　　　　　　s/Deborah J. Goltz
　　　　　　　　　　　　　　　　　　　DEBORAH J. GOLTZ
　　　　　　　　　　　　　　　　　　　Case Manager